## ED JOE GARBS V. STATE.

No. 25270. April 18, 1951.
Rehearing Denied June 13, 1951.

Hon. Owen M. Lord, Judge Presiding.

*W. J. Baldwin,* Beaumont, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This is the second appeal of Ed Joe Garbs from the judgment of the court, as reflected by the opinion of this court in Cause No. 25,018 dated December 6, 1950, and reported in 155 Tex. Cr. Rep. 290, 234 S.W. 2d, page 869.

The questions before this court are quite complicated and they have not been simplified by the briefs filed herein. If we properly construe the record, appellant plead guilty to a second offense for driving a motor vehicle while intoxicated, as recited in the former opinion, and was given a sentence of one year in the penitentiary, which was probated on the order of the court. Within a few days thereafter he was arrested for driving on a public highway while intoxicated and without a license.

After the appeal was dismissed in Cause No. 25,018, proceedings were had in the trial court by which a nunc pro tunc order was made correcting the sentence originally imposed. This procedure and the order entered are in compliance with law. On January 4, 1951, the defendant filed his motion asking for a trial by jury on his plea of guilty which had been entered nearly a year prior thereto. The record definitely shows that at the time he entered his plea of guilty he requested permission of the court to waive a jury and we find no request at that time for an application of the suspended sentence law. We are not aware of any authority upon which appellant relies for his contention now that he should be permitted to retry the case on January 4, 1951.

An expanded and further motion was filed on the same date which was heard by the court. It was based on the contention that at the time of his trial on March 16th, 1950, no evidence was introduced on his plea of guilty. Appellant himself testified on this question that he did not testify in the case and that nobody took the witness stand. He testified on cross-examination, however:

"I waived at that time having the witnesses appear personally and let the Judge consider only the Grand Jury testimony. The Judge did consider that Grand Jury testimony and found me guilty upon my plea of guilty. At that time he found me guilty of driving a motor vehicle upon a public highway in the State of Texas while intoxicated, and that was my second offense of driving a motor vehicle upon a public highway in the State of Texas while intoxicated."

We think this evidence authorized the entry of the judgment which we find in the record.

Again, on the 4th day of January, 1951, defendant filed his motion to have the judge keep the probation effective. This was heard by the court who declined to grant it but ordered the probation revoked, based on the grounds set out in the motion for the order.

A motion was thereupon, on the same day, filed for a new trial. This was likewise overruled by the court and notice of appeal was given. The judge had full authority to act in the matters and his action is not reviewable. The questions raised by which appellant seeks to have a new trial before a jury are not tenable and require no discussion.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that he was entitled to have a jury trial upon the fact issue arising upon the revocation of his probated sentence, and that the trial court erred in refusing to accord him such trial upon that issue.

A similar contention was held untenable in the case of Ollie Chester Wilson, No. 25,332, this day decided. (Page 228 of this volume.)

The motion for rehearing is overruled.

Opinion approved by the court.